EARL LEE V. THE STATE.

No. 19120. Delivered November 3, 1937.

The opinion states the case.

*Morris E. Ludtke* and *J. A. Collier*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of theft of money over the value of fifty dollars, and punishment was assessed at confinement in the penitentiary for a period of five years.

The only question in this case is as to the sufficiency of the evidence to sustain the verdict.

The record shows that on the morning of the nineteenth day of August, 1936, Annie Pierce, the prosecutrix, went to the town of Freeport in Brazoria County, to collect a small sum of money from Joe Turk for having done the family laundry. When she had arrived at the door of Turk's place of business, a negro woman came up and introduced herself to prosecutrix as Martha Barnes, but whose true name was Thelma Dupree. The two negro women sat on the curb and talked together for a while. Suddenly Thelma said: "Look yonder, do you see what I see?"

Prosecutrix looked and saw a negro man coming across the street toward them. Thelma then spoke up again and said: "He picked up a pocketbook, and I am going to follow him and make him divide with us."

She then said to this negro man (who later proved to be Fred Neal): "You picked up a pocketbook. I saw the man when he dropped it, and if you do not divide with us, I am going to turn you up."

Neal agreed to divide with them what he had found. The three then walked around the corner of a building where Neal took a leather bag from his pocket, opened it, and Thelma eagerly looked into it and remarked: "It is a one hundred dollar bill."

Neal then said that he would take the money to his boss who would divide it equally among them. He then left the women, ostensibly to have the money divided; in a very short time he returned and stated that his boss had found not only a one hundred dollar bill in the bag, but also five hundred dollars worth of liberty bonds. He also stated that his boss said he would be glad to make the division of the money if they would give him the liberty bonds—to which Thelma and Annie consented. Neal then left them but returned shortly and told the women that his boss was unwilling to divide the money until he had proper assurance that the women had sufficient money to live on for ninety days without using any of the money which was to be divided. Thelma immediately handed over her purse to Neal, saying: "Take this to him."

Neal again left, but soon returned and told the women that his boss said the purse held good for one of them, but not for the other. Prosecutrix told them that she didn't have any money; whereupon, Thelma suggested that she borrow from some source. Prosecutrix said that she might be able to borrow some from her sister, but that it was too great a distance to walk. Thelma then asked Neal if his boss didn't have a car, and Neal replied that the boy who worked around the office had one and that it might be possible for him to take the prosecutrix to her sister's home. Neal then left. In a short time, appellant, Earl Lee, drove up in a coupe. The women entered his car and he drove them to the home of the sister of prosecutrix, where she obtained the sum of $115; they then drove back to town where appellant let them out at the place where he had picked them up. In a very short time, Neal again appeared and prosecutrix turned over to him her purse containing the $115, with the understanding that he was to return it after he had shown

it to his boss. Neal left but did not come back. Thelma suddenly decided to do a little shopping, walked into a mercantile establishment and disappeared. After prosecutrix had waited a certain length of time and Neal had failed to return, she reported the matter to the officers who arrested Neal, Thelma, and appellant, some distance from Freeport on the road leading toward Houston. The officers searched the three parties, but found only $15 in their possession.

At the conclusion of the State's testimony, appellant made a motion for an instructed verdict of not guilty, which was overruled. The only circumstance which tends to show any connection of appellant with Fred Neal and Thelma Dupree is the fact that he drove the two women to the home of prosecutrix' sister, and was found driving Neal and Thelma toward Houston. There is no testimony to show that appellant had entered into an agreement with Neal and Thelma to aid them in their scheme to fleece innocent and unsuspecting people, nor that he knew of their unlawful purpose. He was not present when Neal obtained the money from prosecutrix, and so far as this record shows, had no knowledge thereof. There is no testimony to show that he came from Houston to Freeport with Neal and Thelma, or that he did not live at Freeport, or was not hired by Neal to take them to Houston. It is a reasonable presumption that Neal and Thelma desired to get out of Freeport as soon as they had consummated their nefarious scheme; doubtless they would have been willing to hire anyone who was willing to do so, to drive them to Houston.

We believe that appellant's position is well founded and should be sustained. Giving the testimony the most favorable construction in support of the verdict, it falls far short of meeting the requirements of the law; namely, to establish the guilt of the appellant beyond a reasonable doubt. At best, it raises only a mere suspicion of guilt.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.